SWEDOCK v
HOME OWNERS' LOAN CORP

Ohio Common Pleas, Cuyahoga Co

Decided Nov 26, 1938

Kohrman & Kohrman, Cleveland, for plaintiff.

Jerome W. Moss, Cleveland, for defendant.

OPINION

By MERRICK, J.

This cause comes before this court on the consideration of the demurrer of defendant.

Plaintiff contends that she was injured as a proximate result of negligence on the part of the defendant in failing to properly maintain a stairway in a two family dwelling house. Defendant has demurred on two grounds. It is in consideration of the second ground that this opinion is concerned, viz: "The facts contained in the petition do not constitute a cause of action in favor of plaintiff against this defendant."

The defendant purchased and owns the property and premises in question by virtue of a sheriff's sale to it of premises upon which it held a lien. Subsequent to taking title it rented and maintained such premises.

The sole question herein discussed revolves around a discussion of the liability of the Home Owners' Loan Corporation for the acts of its agents if such acts constitute a tort.

The Home Owners Loan Act was created for the purpose of supplying direct relief to home owners. 12 U. S. C. A. §1461. All of the stock was subscribed for by the Secretary of the Treasury on behalf of the United States Government. The Act provided that "it shall be an instrumentality of the

United States which shall have authority to sue and be sued in any court of competent jurisdiction, Federal or State."

When the H.O.L.C. was created a national emergency had arisen and its primary purpose was to relieve the pressing needs of home owners. The H.O.L.C. can not be separated from or distinguished from the Government of the United States. It partakes of the sovereign character of the United States. Congress has full power to determine the extent to which it may be subjected to suit and judicial process.

The United States is not liable for torts except by express legislative consent. Does the language of the Act "authority to sue and be sued" convey an intention by Congress that the H:O.L.C. should be liable to suit for the torts of its agents while engaged within the scope of its business?

Prior to the year 1855, the only recourse of claimants against the government was an appeal to Congress. In that year the Court of Claims. was established. It is fundamental that the United States can not be sued in its courts without its consent and in granting such consent, Congress has an unqualiefid discretion to specify the cases and contingencies in which the liability of the government is submitted to the courts for judicial determination. Beyond the very letter of such consent, the courts may not go, no matter how beneficial they may deem to be their possession of jurisdiction over the liabilities of the government. Schillinger v United States, 155 U. S. 163.

Does the language of the Act intend to include actions of tort within the scope of liability for suits imposed upon the Home Owners' Loan Corporation? Some cases hold that when a government enters a private business it abandons its sovereignty and is to be treated accordingly. But this is not a case of the United States engaging in private business. The H.O.L.C. was established for the purpose of carrying out an important governmental function. This was the primary motive underlying its creation. In the case of Lyle v National Home 170 Fed. 842, the court had for interpretation similar language and held that this language did not include the power to sue it in tort for negligence of its officers. This question was likewise discussed in Overholzer v National Home, 68 Oh St 236. In this case, Judge Davis of the Ohio Supreme Court says in the opinion:

"A suit against a public corporation having no other powers than the performance of a function of the government and accomplishing no other object, is plainly a suit against the government and its property, although nominally it is a suit against the corporation only."

The Home Owners' Loan Corporation is an instrumentality of the Federal Government and performs an important function. The language of the act does not disclose that Congress intended to subject it to actions in tort. Courts should not enlarge upon the acts of Congress in imposing liabilities upon the United States Government. The sovereignty of the United States raises a presumption against its suability, unless it is clearly shown that Congress intended otherwise. Eastern Transport Co. v U. S. 272 U. S. 675.

The demurrer will be sustained and exceptions of plaintiff noted.